IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIELLE HOMER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 25-5894 |
| | : | |
| **SAP AMERICA, INC.** | : | |

## MEMORANDUM

**KEARNEY, J.**  December 10, 2025

A Black woman *pro se* claims her former employer subjected her to a hostile work environment and discriminated against her at least three or four years ago based on her race, gender, and unpleaded disability. She filed the Congressionally- required administrative claim with the Equal Employment Opportunity Commission. The Commission sent her a right to sue letter in November 2022 telling her she had ninety days from then to sue in federal court. She waited. And then sued her former employer in state court in September 2025, approximately one thousand and fifty-three days after the Commission granted her the right to sue. Her former employer moved to dismiss her claim as time barred. The employee amended her complaint but still has not shown a basis to disregard Congress' ninety-day mandate. The employee has not pleaded a basis to disregard this mandate. We dismiss her claims as untimely without prejudice.

**I.  Alleged pro se facts**

Philadelphian Danielle Homer worked for SAP America, Inc. approximately over five years ago.[1] SAP began subjecting Ms. Homer to discriminatory acts on or about November 15, 2020.[2] The discriminatory conduct included SAP terminating Ms. Homer's employment by "hir[ing] to replace [her] while on [Family and Medical Leave Act] leave," failing to promote her, failing to provide reasonable accommodations for her disability, failing to stop harassment, subjecting her to unequal terms and conditions of employment, and retaliation.[3] She swears being

"a Disabled Black woman" and SAP discriminated against and "harassed [her] to death."[4] SAP gave her "the heaviest workload on her team (all non-Black)" and a complete stranger white male called her "privileged."[5] SAP underpaid Ms. Homer "compared to the rest of her non-Black colleagues" and "[h]er manager even admitted to discriminating against [her]."[6] SAP retaliated against Mr. Homer after she "reported her underprivileged experience."[7] "This retaliation has continued through today—years after Ms. Homer's employment with SAP" and "SAP's hostile workplace is systematically killing employees on purpose."[8]

Ms. Homer filed a Charge of Discrimination against SAP with the Equal Employment Opportunity Commission sometime before November 2022.[9] The Commission issued Ms. Homer a Determination and Notice of Rights to Sue Letter on November 7, 2022.[10]  She filed this case in state court on September 25, 2025.[11] SAP removed the case here on October 15, 2025.[12]  SAP moved to dismiss arguing her claims are untimely under Congress's ninety-day mandate for filing suit after a right to sue letter.[13] She then amended her Complaint on November 5, 2025 but did not address the untimeliness of her suit.[14] She asserts SAP discriminated against her based on her race ("Black"), color ("Black"), gender/sex ("woman"), and national origin ("American").[15] Ms. Homer brings her discrimination claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disability Act of 1990.[16] She seeks appropriate injunctive relief, compensatory damages, and putative damages.[17]

**II.   Analysis**

SAP moves to dismiss the amended Complaint again arguing Ms. Homer's claims are untimely and otherwise fail to satisfy the required pleading standard.[18] Ms. Homer did not respond. We find no basis to disregard Congress's mandate and grant SAP's motion.

Congress requires an employee to exhaust administrative remedies before suing their employer under Title VII and the Americans with Disabilities Act.[19] An employee exhausts their administrative remedies by filing a charge with the Commission.[20] The Commission can decline to bring the employee's claim but must notify the employee of its decision.[21] The Commission typically provides employees with notice in a Determination and Notice of Rights Letter.[22] The employee has ninety days from receipt of the Letter to file suit.[23]

The ninety-day period to file suit is "strictly construed" and "treated as [a] statute[] of limitations."[24] Our Court of Appeals instructs us to presume the employee received the Letter three days after the Commission sent it when the date of receipt is unknown.[25] An employee may "rebut the three-day presumption by presenting evidence of delayed receipt."[26] "Courts in this circuit have routinely dismissed discrimination claims based on plaintiff's failure to file within 90 days after receiving a right to sue notice from the [Commission]."[27]

We are also mindful Ms. Homer is proceeding without the benefit of a lawyer. Our Court of Appeals directs us to be "mindful of our obligation to liberally construe a pro se litigant's pleadings . . . ."[28] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[29] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[30]

We cannot find a basis to disregard Congress's mandate. We may apply equitable tolling in limited situations.[31] But where equitable considerations are not applicable, we "cannot extend the limitations period by even one day."[32] Circumstances justifying equitable tolling include: (1) "when a claimant received inadequate notice of her right to file suit; (2) where a motion for appointment of counsel is pending; (3) where the court has misled the plaintiff into believing that

3

she had done everything required of her; . . . (4) when the defendant has actively misled the plaintiff; (5) when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or (6) when the plaintiff has timely asserted her rights in the wrong forum."[33]

Ms. Homer does not plead a reason to apply equitable tolling in this case. The Commission sent the Letter to Ms. Homer on November 7, 2022.[34] The Commission in bold font advised Ms. Homer's "lawsuit must be filed within 90 days of [her] receipt of [the] notice."[35] Ms. Homer's claims are untimely even presuming she received the letter three days after the Commission sent it.[36] She waited nearly three years past her deadline to file suit against SAP. Ms. Homer never pleaded she did not receive the Letter. Nor has she asserted any other reason why we should equitably toll the ninety-day period to bring suit.

**III. Conclusion**

We dismiss Ms. Homer's amended Complaint without prejudice to timely amend one last time if she can truthfully plead a basis for equitable tolling of the ninety day period to sue from November 2022.

---

[1] ECF 10 at 3; *see also* ECF 12-2 at 1.

[2] ECF 10 at 3.

[3] *Id.* at 2–3.

[4] *Id.* at 3.

[5] *Id*.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Mrs. Homer asserts she filed her Charge of Discrimination in December 2020. *Id.* at 4. SAP asserts Ms. Homer filed her Charge on April 7, 2022. ECF 12-2 at 6.

4

---

[10] ECF 12-2 at 2. Ms. Homer erroneously refers to the year she received the Determination and Notice of Rights Letter as 2020. *See* ECF 10 at 4. The address on Ms. Homer's Determination and Notice of Rights Letter matches the address she lists on her Complaint. *See* ECF 10 at 2; ECF 12-3 at 4. Ms. Homer also states she received the Letter on the same date. ECF 10 at 4. We see no basis to question receipt.

[11] ECF 1 at 1.

[12] *Id.*

[13] ECF 6.

[14] ECF 10. Ms. Homer raises a series of broad allegations unrelated to the timeliness issue in her Motion for leave to file an amended Complaint. *See generally* ECF 9. She apologizes "for any errors during legal proceedings because she is still managing injuries," states she seeks to add new counts such as "stalking," "racially motivated harassment," "intimidation of a victim," and discrimination under 42 U.S.C. § 1981, and accuses SAP of "intimidat[ing] every interested attorney out of representing Ms. Homer." *Id.* at 1–2. She also references her experience with the Commission, including an assertion "SAP's investigator from Human Resources . . . lied about his last name during the [Commission]'s legal proceedings." *Id.* at 3. Ms. Homer's motion offers no explanation for her delay in filing suit and does not address the ninety-day filing requirement in any manner.

[15] ECF 10 at 3.

[16] *Id.* at 1 (citing 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. §§ 12112-12117).

[17] *Id.* at 5.

[18] ECF 12. SAP moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6).

A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint under the plausibility pleading standard. *Zanetich v. Wal-Mart Stores East, Inc.*, 123 F.4th 128, 138 (3d Cir. 2024). A plaintiff must include "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). "'Plausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 291 (2025) (quoting *Iqbal*, 556 U.S. at 678). A pleading offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted).

[19] *Hayes v. N.J. Dep't of Human Servs.*, 108 F. 4th 219, 221 (3d Cir. 2024) (citing 42 U.S.C. § 2000e-5(e)(1)); *see also Wolfgramm v. Commc'n Workers of Am. Loc. 13301*, 525 F. Supp. 3d 556, 559 n.14 (E.D. Pa. 2021) ("Under 42 U.S.C. § 2000e–5(f)(1), if the [Commission] chooses not to pursue a discrimination cause of action based on a complaint, the [Commission] is to 'notify the person aggrieved and within ninety days after the giving of such a notice a civil action may be brought against the respondent named in the charge.' This same provision is applicable to claimants under the [Americans with Disabilities Act]. 42 U.S.C. § 12117(a).").

[20] *Hayes,* 108 F. 4th at 221.

[21] *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)).

[22] *Id.* (citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999)).

[23] *Id.* (citing *Seitzinger*, 165 F.3d at 238-39 & n.1).

[24] *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

[25] *Hayes*, 108 F.4th at 222 (first citing *Seitzinger*, 165 F.3d at 239; then citing *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266-67 & n.1 (5th Cir. 2015); and then citing *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1125 (9th Cir. 2007)).

[26] *Id.* (first citing *Seitzinger*, 165 F.3d at 239; then citing *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 n.5 (3d Cir. 2003); and then citing *Payan*, 495 F.3d at 1126).

[27] *Wolfgramm*, 525 F. Supp. 3d at 561 (citing *Rockmore v. Harrisburg Prop. Serv.*, 501 F. App'x 161, 164 (3d Cir. 2012) (affirming dismissal of Title VII claims for failure to file by the 90-day deadline and noting that "we are bound by the strict procedural requirements established by Congress, which 'are not to be disregarded by courts out of a vague sympathy for particular litigants.'") (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); then citing *Collins v. Univ. of Penn.*, 35 F. App'x 352, 353 (3d Cir. 2002) (affirming dismissal of claims where plaintiffs filed their complaint more than 120 days after the EEOC issued the right to sue notices); and then citing *Washington-Morris v. Bucks Cnty. Transp., Inc.*, No. 17-3631, 2018 WL 2021081, at *7 (E.D. Pa. May 1, 2018) ("[B]arr[ing] [plaintiff] from filing suit about the discriminatory acts related to the first EEOC complaint because she did not file suit within 90 days of receiving her right-to-sue letter."))))).

---

[28] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)) (cleaned up).

[29] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[30] *Id.* (quoting *Mala*, 704 F.3d at 245).

[31] *Brown v. Sugarhouse HSP Gaming, L.P.*, No. 21-2426, 2024 WL 4350322, at *9 (E.D. Pa. Sep. 27, 2024) (quoting *Seitzinger*, 165 F.3d at 240) ("Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances.").

[32] *Paniconi v. Abington Hosp.-Jefferson Health*, 604 F. Supp. 3d. 290, 291 (E.D. Pa. 2022) (quoting *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986)). Our Court of Appeals stated, "[a]lthough the Supreme Court has repeatedly recognized the equitable tolling doctrine, it also has cautioned that '[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" *Seitzinger*, 165 F.3d at 240.

[33] *Brown*, 2024 WL 4350322, at *9 (citing *Seitzinger*, 165 F.3d at 240).

[34] ECF 12-2 at 6; ECF 12-3 at 4. Counsel for SAP swore they received a copy of the right to sue letter on or around November 7, 2022 via the Commission Respondent Portal. ECF 12-3 at 1.

[35] ECF 12-3 at 4.

[36] *Id.*; ECF 10 at 4.